IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Toyota Motor Sales, U.S.A., Inc., | ) | Civil Action No. 2:10-1672-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT FOR DECLARATORY |
| Group 1 Automotive, Inc., GRT, LLC d/b/a Gene Reed Toyota, GRLC, LLC d/b/a Lexus of Charleston, and Gene Reed Imports, Inc., | ) ) ) ) | JUDGMENT (NON-JURY) |
| | ) | |
| Defendants. | ) | |
| | ) ) ) | |

The Plaintiff, Toyota Motor Sales, U.S.A., Inc ("TMS") sues the Defendants, Group 1 Automotive, Inc ("Group 1"), GRT, LLC d/b/a Gene Reed Toyota ("Gene Reed Toyota"), GRLC, LLC d/b/a Lexus of Charleston ('Lexus of Charleston"), and Gene Reed Imports, Inc., for a declaratory judgment that TMS can reasonably withhold consent to the transfer of the dealership assets of Gene Reed Toyota and Lexus of Charleston to Group 1 based on an agreement between TMS and Group 1, and that, if it cannot lawfully withhold its consent to the proposed sale, Defendant Group 1 must indemnify TMS for any and all claims and alleged damages resulting from TMS withholding its consent, and alleges as follows:

**JURISDICTION**

1.  Plaintiff TMS is a corporation organized under the laws of the State of California with its principal place of business in California.

2. Defendant Group 1 is a corporation organized under the laws of the State of Delaware with its principal place of business in Texas.

3. Defendant Gene Reed Toyota is a limited liability company organized under the laws of the State of South Carolina with its principal place of business in Charleston, South Carolina. Defendant Gene Reed Toyota is made a party hereto solely because it has an interest which may be affected by the Court's determination in this action.

4. Defendant Lexus of Charleston is a limited liability company organized under the laws of the State of South Carolina with its principal place of business in Charleston, South Carolina. Defendant Lexus of Charleston is made a party hereto solely because it has an interest which may be affected by the Court's determination in this action.

5. Defendant Gene Reed Imports, Inc. is a corporation organized under the laws of the State of South Carolina with its principal place of business in Charleston, South Carolina. Defendant Gene Reed Imports, Inc. is made a party hereto solely because it has an interest which may be affected by the Court's determination in this action.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity among the parties and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

7. This action is brought pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, seeking a declaration of the rights, obligations, and duties among the parties with regard to Plaintiff TMS's rights to reasonably withhold its consent to the sale of substantially all the assets of a Toyota dealership and a Lexus dealership from Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports to Defendant Group 1.

8. Although Plaintiff TMS believes it can reasonably withhold consent to the sale of the Toyota and Lexus dealerships from Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports to Defendant Group 1., there is a justiciable controversy between the parties because Defendants, upon information and belief, do not agree with TMS on this issue, which exposes Plaintiff TMS to substantial liability over the exercise of its contractual right, and, since all parties who have or claim an interest which may be affected by the Court's determination have been made a party to the action, the Court's determination when rendered will terminate the uncertainty and/or controversy giving rise to this proceeding.

9. Venue is proper for this action in this district pursuant to 28 U.S.C. § 1391(a).

**GENERAL ALLEGATIONS**

10. TMS is in the business of distributing Toyota and Lexus automobiles, parts and accessories in the continental United States. TMS sells these products to its authorized dealers (or to authorized distributors who sell the vehicles to the authorized dealers), which in turn sell the products to consumers.

11. Toyota and Lexus dealers are authorized to sell and service Toyota and Lexus products pursuant to a Dealer Agreement, which governs the relationship between the parties. Under the terms of each Dealer Agreement, TMS has the right to approve or deny any proposed transfer of the ownership or management of any authorized Toyota or Lexus dealer.

12. On January 17, 2008, Defendant Gene Reed Toyota entered into a Dealer Agreement authorizing it to operate a Toyota dealership at 7151 Rivers Avenue, North Charleston, South Carolina, 29406. Gene Reed Toyota's Dealer Agreement is a personal services agreement, which is expressly conditioned on continued ownership and operation of the

3

dealership by Defendant Gene Reed Toyota as the Dealer and Gene Reed Imports as the Holding Company.  The Dealer Agreement further provides that any change in ownership or sale of the dealership assets without the prior written approval of TMS would void the Dealer Agreement.

13. On May 9, 2007, Defendant Lexus of Charleston entered into a Dealer Agreement authorizing it to operate a Lexus dealership at 2424 Savannah Highway, Charleston, South Carolina, 29414.  Defendant Lexus of Charleston's Dealer Agreement is a personal services agreement, which is expressly conditioned on continued ownership and operation of the dealership by Defendant Lexus of Charleston as the Dealer and Defendant Gene Reed Imports as the Holding Company.  The Dealer Agreement further requires that Lexus of Charleston and Gene Reed Imports obtain prior approval from TMS before any change in ownership or sale of the dealerships, and provides that any transfer of ownership or sale of the dealership assets without the prior written approval of TMS would void the Dealer Agreement.

14. On May 20, 2002, Defendant Group 1 and TMS entered into a Framework Agreement, which sets forth, *inter alia*, the terms and conditions upon which Defendant Group 1 may acquire additional authorized Toyota and Lexus Dealerships.

15. Under the terms of its Framework Agreement with TMS, Defendant Group 1 is contractually ineligible to purchase additional Toyota and Lexus Dealerships, directly or through a subsidiary, unless all of its current dealerships meet certain performance criteria.

16. On June 1, 2010, Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports entered into an Asset Purchase Agreement to sell their Toyota and Lexus dealerships to Defendant Group 1.

17. On the same day, Defendants submitted the proposed Asset Purchase Agreement to TMS, requesting that TMS approve the sale of the Toyota and Lexus dealerships

to Defendant Group 1 and to approve Defendant Group 1 as the authorized owner and operator of these dealerships.

18.     Defendant Group 1 does not currently meet the performance criteria in its Framework Agreement, nor did it meet the performance criteria at the time it entered the proposed Asset Purchase Agreement.

19.     Defendant Group 1 is ineligible to acquire additional authorized Toyota or Lexus dealerships under the terms of the Framework Agreement.

20.     Under South Carolina law, an automobile dealer may not transfer its dealership or the management and control of its dealership without the consent of the manufacturer, distributor, or wholesaler, and this consent "shall not be unreasonably withheld." S.C. Code Ann. § 56-15-40(3)(i).

21.     TMS believes it is reasonable to withhold its consent to the sale of the Toyota and Lexus dealerships from Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports to Group 1 based on the terms of the Framework Agreement, which renders Group 1 ineligible to acquire these additional Toyota and Lexus dealerships.

22.     If TMS is not permitted to lawfully withhold its consent to the sale of the Toyota and Lexus dealerships from Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports to Defendant Group 1 based on the terms of the Framework Agreement, TMS could be exposed to potential claims by Defendants Gene Reed Toyota, Lexus of Charleston, or Gene Reed Imports for substantial alleged damages. Under the terms of the Framework Agreement, Defendant Group 1 would be liable to indemnify TMS for any such claim or damages.

23. TMS is seeking a declaration from this Court that it can lawfully withhold its consent to the proposed sale of the Toyota and Lexus dealerships to Defendant Group 1 based on the terms of the Framework Agreement. TMS further seeks a declaration from this Court that, if it cannot lawfully withhold its consent to the proposed sale, Defendant Group 1 must indemnify TMS for any and all claims and alleged damages resulting from TMS withholding its consent, based on the terms of Group 1's Framework Agreement.

## COUNT 1
(Restrictions on the Sale and Transfer of Ownership)

24. TMS incorporates by reference the allegations of paragraphs one (1) through twenty-three (23) above as if recited verbatim to the extent they are consistent with this cause of action.

25. Defendant Gene Reed Toyota is authorized to sell new Toyota automobiles, parts, and accessories pursuant to the terms of a Dealer Agreement. The Dealer Agreement is a personal services agreement, which is expressly conditioned on continued ownership and operation of the dealership by Defendant Gene Reed Toyota as the Dealer and Gene Reed Imports as the Holding Company. The Dealer Agreement further provides that any change in ownership or sale of the dealership assets without the prior written approval of TMS would void the Dealer Agreement.

26. Defendant Lexus of Charleston is authorized to sell new Lexus automobiles, parts, and accessories pursuant to the terms of a Dealer Agreement. The Dealer Agreement is a personal services agreement, conditioned on continued ownership and operation of the dealership by Defendant Lexus of Charleston as the Dealer and Defendant Gene Reed Imports as the Holding Company. The Dealer Agreement further requires that Lexus of Charleston and Gene Reed Imports obtain prior approval from TMS before any change in

6

ownership or sale of the dealerships, and provides that any transfer of ownership or sale of the dealership assets without the prior written approval of TMS would void the Dealer Agreement.

27.     On June 1, 2010, Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports entered into an Asset Purchase Agreement to sell their Toyota and Lexus dealerships to Defendant Group 1.

28.     On the same day, Defendants submitted the proposed Asset Purchase Agreement to TMS, requesting that TMS approve the transfer of the Toyota and Lexus dealerships to Defendant Group 1 and to approve Defendant Group 1 as the authorized owner and operator of these dealerships.

29.     South Carolina Code Ann. § 56-15-40(3)(i)(2009) makes it unlawful for a distributor:

> to prevent or attempt to prevent by contract or otherwise, any motor vehicle dealer or any officer, partner or stockholder of any motor vehicle dealer from selling or transferring any part of the interest of any of them to any other person or persons or party or parties; provided, however, that no dealer, officer, partner or stockholder shall have the right to sell, transfer or assign the franchise or power of management or control thereunder without the consent of the manufacturer, distributor or wholesaler except that _such consent shall not be **unreasonably** withheld_.

30.     Accordingly, under South Carolina law, Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports may not transfer their dealerships to Group 1 without the consent of TMS, and this consent "shall not be unreasonably withheld."

31.     Defendant Group 1 is ineligible to purchase these two dealerships under the terms of its Framework Agreement.

32.     Section 5.1.3 of the Framework Agreement sets forth certain performance criteria that must be met before Defendant Group 1 may acquire or even request TMS to approve

7

its acquisition of an additional Toyota or Lexus dealership. Section 5.1.3.1 provides that Defendant Group 1 shall not acquire ownership or control of any Toyota or Lexus dealership unless, at the time the acquisition is presented to TMS for approval, each of Defendant Group 1's existing Toyota and Lexus dealerships are in compliance in all material respects with the performance criteria.

33.    All of the existing Toyota and Lexus dealerships controlled by Group 1 are not currently in compliance in all material aspects with the performance criteria, nor were they in compliance at the time they negotiated and entered the Asset Purchase Agreement with Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports.

34.    Section 4.3 of the Framework Agreement provides that Defendant Group 1 may enter into discussions with a potential seller only if it informs any potential seller:

> (a)    that it has entered into a Framework Agreement with TMS providing that G1 will only acquire additional Authorized Toyota or Lexus dealerships on specified terms and conditions and in accordance with a specified schedule and that it intends to comply with the terms and conditions of such Agreement as well as with the TMS/USA Multiple Ownership Policies ("MOP");
>
> (b)    that it may not and will not enter into a contract that provides for the closing of any transaction prior to a date which will be in compliance with the Agreement;
>
> (c)    that it may not and will not request TMS's consent to any transaction until it may do so in compliance with the terms and conditions of the Agreement;
>
> (d)    that it will not in any way challenge or support a challenge of a rejection by TMS of a proposed transaction based on the terms and conditions of the Agreement;
>
> (e)    of its status under the MOP; and
>
> (f)    that it will represent or assure TMS that it has made the aforesaid disclosures.

35. Defendant Group 1 did not make these required disclosures and/or assure TMS that these disclosures were made to Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports before negotiations commenced and before Defendants entered the Asset Purchase Agreement.

36. In addition to being ineligible based on its failure to meet the performance criteria, Group 1 is also ineligible to acquire the Toyota and Lexus dealerships from Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports because it has not complied with the requirements of the Framework Agreement.

37. TMS has good and reasonable grounds to limit the number of Toyota and Lexus dealerships that can be owned or controlled by a single entity, and many of these grounds are outlined in Group 1's Framework Agreement.

38. In Recital C of the Framework Agreement, Defendant Group 1 agrees that the success of Toyota and Lexus brands in the United States has been the product of numerous factors, including but not limited to TMS's development of strong local dealer networks which provide a supplemental source of brand name advertising and promotion, and which play a critical role in serving and satisfying Toyota and Lexus customers. Defendant Group 1 also agrees that large-scale multiple ownership of Toyota and Lexus dealerships may create significant risks both to TMS and to its customers, including (i) overdependence by TMS and its customers on a single entity, such that failure or poor performance of that entity could cause significant disruption of TMS's distribution of Toyota and Lexus products and significant harm to Toyota and Lexus customers and to competition; (ii) de-emphasis on maximizing the performance of any particular dealership, such that the focus on Toyota customers and potential customers at the local level is diminished; (iii) threats to the viability of smaller dealers in local

markets based on the concentration of economic power resulting from large-scale ownership; and (iv) dilution of the Toyota or Lexus brand names in favor of the large-scale owner's name.

39. In Recital D of the Framework Agreement, Defendant Group 1 agrees that, in order to assure that any future acquisition of additional authorized Toyota or Lexus Dealerships is achieved in a manner that addresses the concerns described in Recital C and is in the public interest, the Framework Agreement establishes the terms and conditions under which Defendant Group 1 may acquire, operate, sell or transfer any Authorized Toyota Dealerships or Authorized Lexus Dealerships.

40. In Recital E of the Framework Agreement, Defendant Group 1 agrees that the Parties desired to establish a framework for the business arrangement between them that can be applied uniformly on a nationwide basis with respect to all authorized Toyota or Lexus Dealerships acquired, owned, controlled, operated, sold, or transferred by Defendant Group 1 from and after the date of the Agreement, irrespective of the laws of the various states pertaining to new motor vehicle franchises and of the variations in these laws state by state.

41. TMS believes it would be reasonable to withhold its consent to the sale or transfer of ownership of the Toyota and Lexus dealerships to Defendant Group 1 based on the express terms of the Framework Agreement.

42. However, if TMS withholds its consent to the proposed sale, it is exposed to potential claims by Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports.

43. An actual controversy exists between the parties, which is justiciable in character, and speedy relief is necessary to preserve the parties' respective rights.

44. All parties with an interest in the outcome of this controversy have been made parties so a declaration by this Court will resolve the controversy.

45. Unless the Court enters judgment declaring that TMS may lawfully withhold its consent to the sale of the Toyota and Lexus dealerships from Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports to Defendant Group 1 based on the terms of the Framework Agreement, TMS will continue to suffer prejudice to its rights and will continue to incur immediate and substantial harm.

46. A declaratory judgment finding that TMS has reasonable grounds to withhold its consent to the sale of the Toyota and Lexus dealerships from Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports to Defendant Group 1 based on the terms of the Framework Agreement, will resolve the entire dispute between the parties and will save the parties substantial harm and expense.

47. TMS seeks a declaration from this Court that it can reasonably withhold its consent to the sale or transfer of ownership of the Toyota and Lexus dealerships from Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports to Defendant Group 1 based on the terms of the Framework Agreement.

### COUNT II
(Indemnification against Defendant Group 1)

48. TMS incorporates by reference the allegations of paragraphs one (1) through forty-seven (47) above as if recited verbatim to the extent they are consistent with this cause of action.

49. If the Court should declare that TMS does not have reasonable grounds to withhold its consent to the sale of the Toyota and Lexus dealerships from Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports to Defendant Group 1 based on the terms

of the Framework Agreement, Defendant Group 1 would be required to indemnify TMS for any and all claims by Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Toyota against TMS related to the proposed sale or TMS withholding its consent to the sale.

50. Defendant Group 1 agreed that, if it breached its obligations under section 4.3 of the Framework Agreement, then it shall indemnify and hold TMS harmless from and against any and all claims, costs, expenses, liabilities, fines, judgments, penalties, levies, settlements, and other obligations of any kind arising out of or based upon any claim or action by a proposed seller against TMS for withholding consent for such transaction.

51. Section 9 of the Framework Agreement provides that if Defendant Group 1 is in violation of the Agreement, TMS does not have to consent to any request for the approval of Group 1's acquisition of an additional dealership, and Defendant Group 1 may not seek damages when TMS withholds consent for the acquisition or sale.

52. Defendant Group 1 is not currently in compliance with the terms of the Framework Agreement and was not in compliance with the terms of the Framework Agreement at the time it negotiated and entered into the Asset Purchase Agreement with Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports.

53. Defendant Group 1 knew at all times leading up to, during, and after entering into the Asset Purchase Agreement with Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports that is was not eligible to acquire new Toyota and Lexus dealerships under the terms of the Framework Agreement, yet it did not inform Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports of its ineligibility and exposed TMS to potential liability by requesting the approval of the Asset Purchase Agreement when it knew it was not eligible at the time the request was made.

54. An actual controversy exists between the Plaintiff and Defendant Group 1 that is justiciable in character, and speedy relief is necessary to preserve the parties' respective rights.

55. All parties with an interest in the outcome of this controversy have been made parties so a declaration by this Court will resolve the controversy.

56. Unless the Court enters judgment declaring that Defendant Group 1 must indemnify TMS for any and all claims asserted against it by Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports if it is determined that TMS cannot lawfully withhold its consent to the sale of the Toyota and Lexus dealerships from Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports to Defendant Group 1 based on the terms of the Framework Agreement, TMS will continue to suffer prejudice to its rights and will continue to incur immediate and substantial harm.

57. A declaratory judgment finding that Defendant Group 1 must indemnify TMS for any and all claims asserted against it by Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports if it is determined that TMS cannot lawfully withhold its consent to the sale of the Toyota and Lexus dealerships from Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports to Defendant Group 1 based on the terms of the Framework Agreement, will resolve the entire dispute between the parties and will save the parties substantial harm and expense.

58. TMS seeks a declaration from this Court that Defendant Group 1 must indemnify TMS for any and all claims asserted against it by Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports if it is determined that TMS cannot lawfully withhold its consent to the sale of the Toyota and Lexus dealerships from Defendants Gene Reed

Toyota, Lexus of Charleston, and Gene Reed Imports to Defendant Group 1 based on the terms of the Framework Agreement.

WHEREFORE, having fully asserted its claims against the Defendants, TMS prays for the following relief:

A.     The Court enter a declaratory judgment that TMS can lawfully withhold its consent to the sale of the subject Toyota and Lexus dealerships from Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports to Defendant Group 1 based on the terms of the Framework Agreement;

B.     The Court enter a declaratory judgment that Defendant Group 1 must indemnify TMS for any and all claims asserted against it by Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports if it is determined that TMS cannot lawfully withhold its consent to the sale of the Toyota and Lexus dealerships from Defendants Gene Reed Toyota, Lexus of Charleston, and Gene Reed Imports to Defendant Group 1 based on the terms of the Framework Agreement; and

C.     For any further and additional relief as the Court may find just and proper.

<Signature on the Following Page>

NELSON MULLINS RILEY & SCARBOROUGH LLP

/s/ Steven A. McKelvey, Jr.
Steven A. McKelvey, Jr.
Federal Bar No. 5407
E-Mail: steve.mckelvey@nelsonmullins.com
S. Keith Hutto
Federal Bar No. 2026
E-Mail: keith.hutto@nelsonmullins.com
M. Ronald McMahan, Jr.
Federal Bar No. 9084
E-Mail: Ronnie.mcmahan@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC  29201

G. Mark Phillips
E-Mail: mark.phillips@nelsonmullins.com
Liberty Center, Suite 600
151 Meeting Street
Charleston, SC 29401

Attorneys for Toyota Motor Sales, U.S.A., Inc.

Columbia, South Carolina

June 28, 2010